IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GE HEALTHCARE BIO-SCIENCES AB, GE HEALTHCARE BIO-SCIENCES CORPORATION, and GENERAL ELECTRIC COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>Defendant. | Civil Action No. 14-CV-7080-LTS<br><br>Hon. Laura Taylor Swain<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS AND COUNTER-DEFENDANTS GE HEALTHCARE BIO-SCIENCES AB ET AL.'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT BIO-RAD LABORATORIES, INC.'S COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. Rules 8 and 12, Plaintiffs/Counter-Defendants GE Healthcare Bio-Sciences AB, GE Healthcare Bio-Sciences Corporation, and General Electric Company (collectively, "GE") respond to Defendant and Counterclaimant Bio-Rad Laboratories, Inc.'s ("Bio-Rad") Answer and Counterclaims ("Counterclaims") as follows:

**GENERAL DENIAL**

Except as expressly admitted herein, GE denies each and every allegation in the Counterclaims.

**PARTIES**

1. On information and belief, GE admits that Defendant Bio-Rad is a Delaware corporation with its principal place of business in Hercules, California.

2. GE admits that GE Healthcare Bio-Sciences AB ("Bio-Sciences AB") is a Swedish company, based in Uppsala, Sweden, and is a subsidiary of General Electric Company.

1

3. GE admits that GE Healthcare Bio-Sciences Corporation ("Bio-Sciences Corp.") is a Delaware corporation with its principal place of business in New Jersey, and is a subsidiary of General Electric Company.

4. GE admits that General Electric Company is a New York corporation with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06828, and controls and is the ultimate parent company of Bio-Sciences AB and Bio-Sciences Corp.

## JURISDICTION AND VENUE

5. GE admits that the Counterclaims purport to state claims under 28 U.S.C. §§ 2201(a) and 2202, over which this Court has jurisdiction, pursuant to 35 U.S.C. §§ 1331 and 1338(a), but denies that these Counterclaims have any factual or legal bases. Except as so admitted, the allegations of Paragraph 5 are denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. GE admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c), but denies that these Counterclaims have any factual or legal bases.

10. Admitted.

11. Admitted.

12. GE admits that Bio-Sciences AB owns the '718 patent and Bio-Sciences Corp. has a license to the '718 patent. GE admits to holding all substantial rights in the '718 patent, including the right to sue for infringement thereof.

13. GE admits that there is a controversy between GE and Bio-Rad as to infringement of the '718 patent. GE denies the remaining allegations in Paragraph 13.

14. GE admits that there is a controversy between GE and Bio-Rad as to the validity of the '718 patent. GE denies the remaining allegations in Paragraph 14.

### FACTS GIVING RISE TO THE COUNTERCLAIMS

15. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and denies them on that basis.

16. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and denies them on that basis.

17. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and denies them on that basis.

18. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and denies them on that basis.

19. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and denies them on that basis.

20. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and denies them on that basis.

### FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of the '718 Patent)

21. GE incorporates by reference its responses to Paragraphs 1 through 20 as if fully set forth herein.

22. Denied.

### SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '718 Patent)

23. GE incorporates by reference its responses to Paragraphs 1 through 22 above as if fully set forth herein. GE denies each and every allegation in Paragraphs 3-20 of Bio-Rad's Affirmative Defenses in its Answer to GE's Complaint.

24.     Denied.

## JURY DEMAND

With regard to the demand for a trial by jury, no admission or denial is required.

## PRAYER FOR RELIEF

The Prayer for Relief does not contain information as to which a response is required.  To the extent a response is required, GE denies that Bio-Rad is entitled to any relief whatsoever.

## RESERVATION OF RIGHTS

GE reserves the right to assert any affirmative defenses that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, GE respectfully request that this Court:

1. Enter judgment for GE as to each of the Counterclaims;

2. Award GE the attorneys' fees, costs, and all other expenses incurred in defending and/or otherwise litigating the Counterclaims;

3. Grant such other and further relief as this Court deems just and appropriate.

Dated:  November 10, 2014                    Respectfully submitted,

/s/ *Ryan M. Nishimoto*
Ryan M. Nishimoto (*pro hac vice*)
ARNOLD & PORTER LLP
777 South Figueroa 44th Floor
Los Angeles, California 90017-5844
Telephone:  +1 213.243.4000
Facsimile: +1 213.243.4199
Ryan.Nishimoto@aporter.com

Matthew Wolf (*pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004
Telephone: +1 202.942.5000
Facsimile: +1 202.942.599
Matthew.Wolf@aporter.com

Jennifer Sklenar (SBN 2682060)
Kristen L. Johns (*pro hac vice*)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: + 1 213.243.4000
Facsimile: +1 213.243.4199
Jennifer.Sklenar@aporter.com
Kristen.Johns@aporter.com


Attorneys for Plaintiffs/Counter-Defendants
GE Healthcare Bio-Sciences AB
GE Healthcare Bio-Sciences Corporation
General Electric Company