# FABER ON MECHANICS OF PATENT CLAIM DRAFTING

*Seventh Edition*

PRACTISING LAW INSTITUTE®

KF3120
C55F 33
2015

***This work is designed to provide practical and useful information on the subject matter covered. However, it is sold with the understanding that neither the publisher nor the author is engaged in rendering legal, accounting, or other professional services. If legal advice or other expert assistance is required, the services of a competent professional should be sought.***

## QUESTIONS ABOUT THIS BOOK?

If you have questions about replacement pages, billing, or shipments, or would like information on our other products, please contact our **customer service department** at (800) 260-4PLI.

For library-related queries, **law librarians** may email: libraryrelations@pli.edu.

For any other questions or suggestions about this book, contact PLI's **editorial department** at: editorial@pli.edu.

For general information about Practising Law Institute, please visit **www.pli.edu**.

Legal Editor: Keith Voelker

Copyright © 1974, 1978, 1990, 1996, 1997, 1998, 1999, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015 by Practising Law Institute.

**First edition** 1974, originally published as *The Mechanics of Patent Claim Drafting*, by John L. Landis
**Second edition** 1978
**Third edition** 1990, published as *Landis on Mechanics of Patent Claim Drafting*, by Robert C. Faber
**Fourth edition** 1996
**Fifth edition** 2003
**Sixth edition** 2008, published as *Faber on Mechanics of Patent Claim Drafting*
**Seventh edition** 2015

All rights reserved. Printed in the United States of America. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of Practising Law Institute.

Library of Congress Catalog Card Number: 2008937996
ISBN: 978-1-4024-2426-7

equivalents by a court, the court may still limit the scope of claim breadth due to the presence of numbers referring to drawings of an embodiment, despite the Manual's recommending (for examiners but not for judges) that the reference characters have no effect.

**Summary**

*Do not use reference characters from the drawings in claims, but it is not wrong to do so (if placed in parentheses).*

## § 3:14 Antecedents; Indefiniteness ("A" versus "The")

Section 2173.05(e) of the M.P.E.P. describes how one claims new elements or refers back to elements already named. The first time an element or part is mentioned, it should not be preceded by a definite article ("the") or by "said." Instead, the indefinite article ("a" or "an") should be used, as in Claim 1: "*a* container," "*a* base," etc.[301] This practice merely follows normal rules of grammar.

"A" can have substantive effect in some situations.[302] As an example of a substantive effect of "a" in a claim, when the specification describes several alternatives and the claim recites "a" or "an" and lists the generic description of the alternatives, then the claim element can be satisfied by any member of that generic group and does not require that all of the described alternatives satisfy it. For example, in *Silicon Graphics, Inc. v. ATI Technologies, Inc.*,[303] "a rasterization process" was claimed and several such processes were disclosed in the specification. In that case, the court found "a rasterization process" means "one or more rasterization processes" and not "the rasterization process."

In a claim, "a" or "an," when following an open-ended transition word ("comprising" or "including"), means "one or more than one," unless the patentee, in the claim, or less preferably only in the specification, showed a clear intent to limit to only the one element introduced by the article "a".[304]

---

301. *See* Abtox, Inc. v. Exitron Corp., 43 U.S.P.Q.2d (BNA) 1545, 1548 (Fed. Cir.), *modified on other grounds*, 46 U.S.P.Q.2d (BNA) 1735 (Fed. Cir. 1997).

302. See section 3:11, *supra*, which concerns when "a" refers to a singular item or else to one or more of the items.

303. Silicon Graphics, Inc. v. ATI Techs., Inc., 607 F.3d 784, 95 U.S.P.Q.2d (BNA) 1417 (Fed. Cir. 2010).

304. 01 Communique Lab., Inc. v. LogMeIn, Inc., 687 F.3d 1292 (Fed. Cir. 2012); Baldwin Graphic Sys., Inc. v. Siebert Inc., 512 F.3d 1338, 85 U.S.P.Q.2d (BNA) 1503 (Fed. Cir. 2008).

Plural elements are not preceded by articles, as there is no plural indefinite article. Thus "containers." Sometimes an element is preceded by a numerical adjective when it is introduced in a claim, as "two containers." A "means for" clause requires no article: "means for oscillating. . . ." Note that none of these uses a definite article. When each previously identified element or part is referred to again, the definite article should be used, as "*the* container," "*the* base," or "*the* oscillating means" in Claim 1; or "*the* two containers," or simply "*the* containers."[305]

If the definite article is not used for each subsequent appearance of the element and if an indefinite article is used, this will suggest to the reader that a new element is being identified, rather than the previously named element, and this will cause improper double inclusion of the element.[306]

The word "said" is used by many practitioners rather than "the" to refer back to previously recited elements, sometimes to a previously recited anything. This practice is unobjectionable, although perhaps overly legalistic. If "saids" or "thes" are used, one should be consistent in the usage and not alternate between those words in repetitions of the same element or among different elements. (However, one often sees alternation between "said" and "the" within a claim without any apparent reason, and there is usually no objection as to this form by an Examiner at the Patent Office.) One common style is to use "said" only for the elements themselves, and "the" for everything else. The expression "the said" that one sometimes sees is a patent redundancy and should be avoided.

When referring back to an element, it must be perfectly clear which element. The claim must be consistent within itself. For example, if two different levers or gears have been individually described in the claim, it is improper to refer back to "said lever" or "said gear";[307] refer to "said first gear," "said drive gear," etc., and correspondingly to the lever. When a claim element is named using an adjective, the adjective should be used the first time that the element is recited. For example, reciting "a lever" in the first appearance and "said aluminum lever" in the second appearance—adding a not previously recited adjective in the second appearance—is indefinite.[308] But the opposite

305. See section 3:3, *supra*, relating to inferential claiming.

306. M.P.E.P. § 2173.05(e); *Ex parte* Oetiker, 23 U.S.P.Q.2d (BNA) 1651, 1655 (B.P.A.I. 1992).

307. In Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 60 U.S.P.Q.2d (BNA) 1668 (Fed. Cir. 2001), the claim first introduced "rear walls" and the next limitation referred to "the rear wall." The latter limitation is in the singular, the former is in the plural, and the claim is ambiguous.

308. M.P.E.P. § 2173.05(e).

is acceptable, namely reciting the noun and adjective for the first appearance of the claim element and later using the noun without any adjective. But never change an adjective between the first and later appearances. The foregoing holds for elements recited in all claims in a chain of claims from a parent claim through the chain of dependent claims.

Similarly, if a motor has been recited, do not refer back to "said drive means," that is, never change the name that was first given to an element. In another example, the claim recited "a handle" and then something connected to "a handle"; thus it was not clear whether the first handle was meant or a different one. Such descriptions are "indefinite." It is also improper to describe additional details of an element when referring back to that element as an antecedent; for example, if "a gear" has been recited, it would be improper to refer to "said *plastic* gear." This is also called an "indirect limitation." To introduce the "plastic" nature of the gear, use a describing clause, "the gear is plastic" or "the gear is comprised of plastic."

Omitting the antecedent for a claim element introduced by the reference-back terms "the" or "said" was held not to be indefinite, but it required overturning a holding of indefiniteness by an administrative law judge.[309] The court found the claim element "said zinc anode" not indefinite, despite that phrase being the first appearance of the zinc anode in that claim, because the scope of the claim was reasonably ascertainable in context by those skilled in the art. Not all word errors in claim drafting are forgiven.[310] To avoid such a problem, be sure that every reference-back word—whether "said," "the," or others that might be used, like "this," "each," and "every"—has the actual antecedent which the reference-back word implies.

Section 2173.05(e) of the M.P.E.P. states that inherent components of elements have antecedent basis in the recitation of the components themselves. An example cited is "the outer surface of said sphere." The sphere inherently has an outer surface so one need not specifically recite that surface as an element. Other examples exist: A rod has ends, a pivot bearing has a pivot axis. But it is not always clear as to what is inherent. Does an engine always have a drive shaft? Does a bicycle always have wheels? Can we say these are inherent features that need not be introduced first as claim elements, for example, the engine having a drive shaft or the bicycle having wheels? Perhaps it is preferred for certain definiteness that any feature of a claimed element, no matter

309. Energizer Holdings, Inc. v. Int'l Trade Comm'n, 435 F.3d 1366, 77 U.S.P.Q.2d (BNA) 1625 (Fed. Cir. 2006).

310. *Id.*

how likely to be inherent, should be positively recited if required in a claim, for example, the sphere having an outer surface, the bicycle having wheels. Examiners at the U.S. Patent and Trademark Office have often been requiring antecedents for every element introduced with "the" or "said." Providing antecedents always is thus preferable.

Claim limitations are often of such length that an attempt to refer back to an earlier mentioned element may introduce an ambiguity: "a handle connected to the gear, which is supported on the axis to pivot about it." To what does "which" and "it" and any other pronoun and any other reference-back word refer, the handle, the gear, or the axis? Better would be "a handle connected to the gear, the handle is supported on the axis to pivot about the gear"—no ambiguity there. Do not hesitate to repeat the name of an element each time it appears in a clause (the handle) or anywhere in the claim, or other claims. Avoid using indefinite words to refer back (which or that) or pronouns that do not mention the name of the element (it) unless there can be no doubt which element is being indicated. Wherever there is a second element between a first mentioned element and a later word referring back, as occurred in the above handle/gear/axis example, use of an indefinite reference back should be avoided, as ambiguity is virtually unavoidable.

In dependent claims also, one must be careful to avoid confusion between elements in any parent claim (or claims) and elements added by the dependent claim.

All such rejections or objections on matters of claim form are based upon claim "indefiniteness" of the claim and trace from 35 U.S.C. § 112, that is, the subject matter has not been "particularly pointed out and distinctly claimed," meaning that the examiner cannot tell what the claim covers.[311] In *In re Miller,*[312] the court held that an "indefiniteness" rejection must be based on section 112,[313] and held that the Patent and Trademark Office could not reject the claim under section 103 (obviousness) by ignoring the allegedly indefinite words.[314] The *Miller* court said: "All *words* in a claim must be considered in judging the patentability of that claim against the prior art."

This question arises in many contexts, such as preamble limitations (section 6:7), mental steps (section 4:10), functional language (section 3:24), printed matter (section 8:7), and others.

*Ex parte Schaefer*[315] holds that:

---

311. *See* M.P.E.P. § 706.03(d); *In re* Venezia, 189 U.S.P.Q. (BNA) 149, 151 (C.C.P.A. 1976).

312. *In re* Miller, 169 U.S.P.Q. (BNA) 597, 600 (C.C.P.A. 1971).

313. M.P.E.P. § 706.02.

314. Citing *In re* Wilson, 165 U.S.P.Q. (BNA) 494 (C.C.P.A. 1970).

315. *Ex parte* Schaefer, 171 U.S.P.Q. (BNA) 110 (B.P.A.I. 1970).

> Omission of some elements of the device [the complete device described in the specification, through the use of the preamble "comprising"—Section 7] makes the claim broad, but not vague, indefinite or misdescriptive.

In other words, the court and Board are saying to the examiner: "reject broad claims on prior art, if you can find any, but not under section 112 as 'indefinite,' etc. Section 112 applies only where you cannot understand what the claim covers."[316] However, a claim that omits essentials can be rejected as incomplete under section 112. Section 2173.05(*l*) of the M.P.E.P. recites:

> A claim can be rejected as incomplete if it omits essential elements, steps or necessary structural cooperative relationship of elements, such omission amounting to a gap between the elements, steps or necessary structural connections. . . . Greater latitude is permissible with respect to the definition in a claim of matters not essential to novelty or operability than with respect to matters essential thereto.

**Summary**

*Use "a" or "an" the first time you mention an element or part in a claim, where grammatical rules dictate. Use "the" or "said" after that, when referring again to the same element or part. Make sure the claim is consistent with itself, that each "the" or "said" element has one and only one clear antecedent in the claim, and that consistent, definite phraseology is used throughout the claim. In general, make sure the claim is definite and clearly understandable as to what it covers and how it reads on the detailed description and drawing.*

## § 3:15 Relative Terminology

Comparative words are also indefinite or "insolubly ambiguous" because they provide no guidance to those skilled in the art as to the scope of that requirement.[317] Under the new standard of *Nautilus, Inc. v. Biosig Instruments, Inc.*,[318] they fail to inform those skilled in the art about the scope of the invention in light of the specification and the

---

316. *See also* "incomplete" claims, section 8:8, *infra*.
317. Power-One, Inc. v. Artesyn Techs., Inc., 599 F.3d 1343, 94 U.S.P.Q.2d (BNA) 1241 (Fed. Cir. 2010) (finding "near" and "adapted" not ambiguous); Datamize LLC v. Plumtree Software, Inc., 417 F.3d 1342, 75 U.S.P.Q.2d (BNA) 1801 (Fed. Cir. 2005).
318. Nautilus, Inc. v. Biosig Instruments Inc., 134 S. Ct. 2120, 110 U.S.P.Q.2d (BNA) 1688 (2014).